UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-CR-13 MJD/DTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| v. | ) | |
| Zachary Dawson, Jr. Defendant. | ) | DEFENDANT'S POSITION REGARDING SENTENCING |

The defendant, Zachary Dawson, by and through his attorney, John L. Fossum, submits the following sentencing position pursuant to U.S.S.G. § 6A1.2 and Local Rule, D.Minn. 83.10(e).

**OBJECTIONS**

Mr. Dawson asserted the following objection to the Presentence Investigation Report, Mr. Dawson hereby re-asserts the objection.

**Claim of Alias on Page F.2**

The defendant objects to the claim on Page F.2 that he has used an alias and obtained a state ID and driver's license under that alias. Mr. Dawson denies ever using an alias or obtaining identification in Wisconsin or under the name alleged and puts the government to the proof of this claim.

**CORRECTION**

Mr. Dawson seeks correction of the relationship information contained in paragraphs 55 and 59. On August 13, 2025, Mr. Dawson was married to the person named in paragraph 55, and so the statement that he has never been married in paragraph 59 is now inaccurate.

## GUIDELINES

### CRIMINAL HISTORY CATEGORY

The defense agrees that Mr. Dawson's Criminal History Category is VI. Since 2021 Mr. Dawson's offenses, until the present case have been primarily Financial Transaction Card Fraud and Credit Card Fraud. We ask the court to consider that his offenses have grown less serious over time.

### OTHER GUIDELINES FACTORS

The Federal Sentencing guidelines are merely advisory, pursuant to ***United States v. Booker***, 125 S.Ct. 738, (2005) The United States Supreme Court found in a brief opinion that it is error for the sentencing court to presume the guidelines are reasonable. ***Nelson v. United States,*** 555 U.S. 350, 2009 U.S. LEXIS 872,*;129 S. Ct. 890; 172 L. Ed. 2d 719 (2009). The court in ***Nelson*** explicitly stated:

> The Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable. We think it plain from the comments of the sentencing judge that he did apply a presumption of reasonableness to Nelson's Guidelines range. Under our recent precedents, that constitutes error.
>
> ***Nelson*** 129 S.Ct. at 892, (Emphasis as in original.)

The Supreme Court restated this in ***Beckles v. U.S***.: "the Guidelines remain 'the starting point and the initial benchmark' for sentencing, a sentencing court may no longer rely exclusively on the Guidelines range; rather, the court 'must make an individualized assessment based on the facts presented' and the other statutory factors..." ***Beckles v. United States,*** 137 S. Ct. 886, 894 197 L.Ed.2d 145 (2017) (Quoting ***Gall v. U.S.*** 552 U.S. 38 (2007))

The obligation of the court is to review the advisory guidelines, then the sentencing factors of 18 U.S.C. § 3553(a) and determine the appropriate sentence based without reliance on a presumption that the guidelines calculations result in a reasonable sentence. More recently, the Supreme Court has made clear: "the principle that 'the punishment should fit the offender and not merely the crime.'" ***Pepper v. United States***, 131 S. Ct. 1229, 1240 (2011).

The Supreme Court has found that the court may impose probation even if the advisory guidelines advise imprisonment quoting the trial court judge: "a sentence of imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing" ***Gall v. U.S.*** 128 S.Ct. 586 (2007) 552 U.S. 38; 2007 U.S. LEXIS 13083,*;128 S. Ct. 586; 169 L. Ed. 2d 445; at Lexis *29; (quoting the district court.)

**18 U.S.C. §3553 (a) FACTORS**

The guidelines are only one factor among many that the Court must consider in determining an appropriate sentence consistent with Title 18 U.S.C. §3553. ***Kimbrough vs. United States***, 128 S. Ct. 558, (2007). At sentencing, this Court will be called upon to select a sentence that is "sufficient, but not greater than necessary" to achieve the purposes set forth within the statute. ***Kimbrough*** at 570.

Title 18 U.S.C. §3553 provides in part that "the court, in determining the particular sentence to be imposed shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed-

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3)the kinds of sentences available;….

As noted in the PSR, Mr. Dawson's father died when he was 2 years old. (PSR ¶ 51.) The PSR writer noted that Mr. Dawson never had a father figure, or adult male role model in his life. (PSR ¶ 53.) He grew up in a neighborhood he described as "dangerous," and that he witnessed a great deal of crime and drug activity. (PSR ¶ 53). Courts have approved consideration of the early death of parents as a reason for a reduced sentence. ***U.S. v. Collington,*** 461 F.3d 805, (6th Cir. 2006).

In this case, Mr. Dawson did possess a firearm and knew he was prohibited from doing so. He has made changes in his life since being in custody. In August, he got married and upon release he wants to live with his wife and young son. Mr. Dawson has been an active parent in all his children's lives and is looking for the opportunity to be more involved with each of them upon release from prison.

The court ultimately determines the appropriate sentence based on the defendant:

> Although the sentencing judge is obliged to consider all of the sentencing factors outlined in section 3553(a), the judge is not prohibited from including in that consideration the judge's own sense of what is a fair and just sentence under all the circumstances. That is the historic role of sentencing judges, and it may continue to be exercised, subject to the reviewing court's ultimate authority to reject any sentence that exceeds the bounds of reasonableness.
> ***U.S. v. Jones***, 460 F.3d 191, 195 (2nd Cir., 2006)

The harsh sentences recommended by the advisory guidelines:

> ruin the lives of prisoners, their families, and they also hurt our economy and our communities by draining billions of dollars from the taxpayers and keeping potentially

> productive members of society locked up. The opportunity costs imposed by the sentencing guidelines are staggering. ***U.S. v. Chavez,*** 230 F.3d 1089, 1092 (8th Cir. 2000) (Bright J. Concurring)

Mr. Dawson requests a sentence would allow him to have a chance to build life outside of a criminal lifestyle, and contribute to society, rather than extended incarceration for this 25-year-old man. The opportunity for Mr. Dawson to build a life after incarceration could easily create a much greater benefit to society than extended incarceration at a public cost of over $51,000 per year. (PSR ¶ 99.)

In his time in custody, Mr. Dawson has taken a number of courses available to him to help set him up for success when he leaves incarceration. This effort began when he was in custody in Ramsey County, and has continued during his time in Sherburne County. Certificates of the trainings will be provided to the court, In Ramsey County he earned Lifeskills Programming, Substance Abuse, Employment and Cognitive Awareness. As of the filing of this document he has earned 38 certificates in Sherburne County and intends to keep working at the course available to him.

In determining the appropriate sentence, Mr. Dawson asks the court to take into account his lengthy pre-sentence detention. He was arrested and held for state proceedings on this matter and the state proceedings were eventually dismissed. BOP is unlikely to give him credit for the five months he spent in State Custody. In addition, in this case, he entered a guilty plea on February 26, 2025. (PSR ¶2). An interview with US Probation was held on March 11.(PSR ¶11). The preliminary PSR was released on May 13, 2025, (PSR F.2). The defense filed it's objections

on May 26, 2025, (ECF 28) and the final PSR was not disclosed until November 13. The defense asks the court to weigh that 6 month delay when determining the appropriate sentence.

> "Sentencing, that is to say punishment, is perhaps the most difficult task of a trial court judge." Jack B. Weinstein, Does Religion Have a Role in Criminal Sentencing? , 23 Touro L. Rev. 539, 539 (2007). While there are many competing considerations in every sentencing decision, a sentencing judge must have some understanding of "the diverse frailties of humankind." See ***Woodson v. North Carolina*** , 428 U.S. 280, 304, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976) (plurality opinion). In deciding what sentence will be "sufficient, but not greater than necessary" to further the goals of punishment, 18 U.S.C. § 3553(a), a sentencing judge must have a "generosity of spirit, that compassion which causes one to know what it is like to be in trouble and in pain." Guido Calabresi, What Makes a Judge Great: To A. Leon Higginbotham, Jr. , 142 U. Pa. L. Rev. 513, 513 (1993) ; see also Edward J. Devitt, Ten Commandments for the New Judge , 65 A.B.A. J. 574 (1979), reprinted in 82 F.R.D. 209, 20a9 (1979) ("Be kind. If we judges could possess but one attribute, it should be a kind and understanding heart. The bench is no place for cruel or callous people regardless of their other qualities and abilities. There is no burden more onerous than imposing sentence in criminal cases.").
> ***United States v. Singh,*** 877 F.3d 107, 121 (2nd Cir. 2017)

## JUDICIAL RECOMMENDATIONS

Mr. Dawson requests the court to include a recommendation that he be housed in a location where visitation with his family in Minnesota would be available. Also, given the history of drug abuse in his life, Mr. Dawson would ask the court to recommend him to the RDAP program in the BOP and other programming that can help him build a life after incarceration.

**MR. DAWSON'S POSITION REGARDING SENTENCING**

For all the reasons articulated above, the defense requests the court to impose a sentence of 50 months in prison rather than the range recommended by the Advisory Guidelines.

Dated: December 1, 2025

Respectfully submitted,

S/ John Fossum

John L. Fossum
Attorney ID No. 23493X
Attorney for Defendant
7900 International Drive, Suite 300
Bloomington, MN 55425
(952)-858-7372
fossumlaw@gmail.com