UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-13 (MJD/DTS)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY DAWSON, JR.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **POSITION OF THE UNITED STATES REGARDING SENTENCING** |

The United States of America, by and through its undersigned attorneys, hereby submits its position regarding sentencing in this matter.

The United States asks the Court to sentence the defendant, Zachary Dawson, to a Guidelines term of imprisonment of 70 months. Mr. Dawson possessed a firearm equipped with a machinegun conversion device (or "switch" or "auto sear")—converting it a fully-automatic firearm. A Guidelines sentence of 70 months is reasonable and appropriate under the sentencing objectives of United States law.

## I. The Presentence Investigation Report.

### A. The Government's Position.

The United States agrees with the facts and conclusions set forth in the Presentence Investigation Report. (ECF No. 35 ("PSR").)

The United States agrees that, because Mr. Dawson possessed a machinegun as enumerated in 26 U.S.C. § 5845(a)(6), and Mr. Dawson

committed the instant offense subsequent to sustaining a felony conviction for First-Degree Aggravated Robbery, the base offense level is 22. U.S.S.G. § 2K2.1(a)(3); (PSR ¶ 12). With credit for acceptance of responsibility, the total offense level is 19. U.S.S.G. § 3E1.1; (PSR ¶¶ 19-21.)

Mr. Dawson has 33 criminal history points. (PSR ¶ 39.) Because Mr. Dawson committed the instant offense while on supervised release for possessing a firearm as a felon, and has otherwise received seven criminal history points, he receives one additional criminal history point. (PSR ¶ 40.) With 34 criminal history points, Mr. Dawson is well above the threshold for criminal history category VI. (PSR ¶ 41.) The resulting Guideline range is 63-78 months' imprisonment. (PSR ¶ 88.)

**B. The Defendant's Objection.**

Mr. Dawson denies using any alias information. (PSR at A.1-A.2) The United States agrees with the response set forth in the Addendum. Moreover, the Government does not intend to rely on any alias information at sentencing and submits that the Court need not rule on the objection because this information would not affect sentencing. Fed. R. Crim. P. 32(i)(3)(B).

## II. The Appropriate Sentence.

In addition to determining the defendant's Sentencing Guidelines range as required by 18 U.S.C. § 3553(a)(4), this Court must assess the other applicable sentencing factors under § 3553(a) of federal sentencing law. Those

factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Based upon a balance of these factors, the United States requests that the Court sentence Mr. Dawson to a term of imprisonment of 70 months.

### A. The Nature and Circumstances of the Offense and the Need for the Sentence Imposed to Both Reflect the Seriousness of, and Provide Just Punishment for, the Offense.

The circumstances of Mr. Dawson's crime are serious and merit a commensurate sentence.

As the Supreme Court observed, in enacting the felon-in-possession statute: "Congress determined that the ease with which firearms could be obtained contributed significantly to the prevalence of lawlessness and violent crime in the United States." *Huddleston v. United States*, 415 U.S. 814, 824 (1974). Congress therefore prohibited the possession of firearms and ammunition by felons, seeking to "keep guns out of the hands of those who have demonstrated that they may not be trusted to possess a firearm without

becoming a threat to society." *Small v. United States*, 544 U.S. 385, 393 (2005) (internal quotation marks omitted). That threat is not only theoretical in Mr. Dawson's case; Mr. Dawson has a proven capacity for violence. Mr. Dawson possessed the firearm after robbing a victim at gunpoint in 2019, and exchanging gunfire with a passenger in another vehicle in 2020. (PSR ¶¶ 25, 28.) Since then, he has also fled police in a stolen vehicle. (PSR ¶ 29.)

Mr. Dawson knew full well that he was prohibited from possessing firearms because he had previously been convicted of 14 felony offenses, including a prior conviction for possessing a firearm as a felon. (PSR ¶ 48.) In fact, at the time of the instant offense, he had just served a 60-month sentence for that firearm conviction and a 48-month sentence for violating probation for his first-degree aggravated robbery conviction. (PSR ¶¶ 25, 28, 40.) He had been released from state custody less than six months earlier. (PSR ¶¶ 6, 25, 28.)

Nevertheless, Mr. Dawson quickly returned to possessing a firearm—although this time, he possessed a firearm affixed with a machinegun conversion device, such that it functioned as a fully-automatic weapon. (PSR ¶ 6.) This rendered the weapon incredibly dangerous, just one pull of the trigger could have massively tragic consequences. Mr. Dawson's conduct reflects a disregard for the law and an insistence upon arming himself with an extremely dangerous firearm despite being prohibited.






A Guidelines sentence is necessary to reflect the seriousness of this offense, and to provide just punishment.

### B. The History and Characteristics of the Defendant, and the Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct and to Protect the Public.

A Guidelines sentence of 70 months is also necessary to deter Mr. Dawson and to protect the public from him.

Mr. Dawson's conduct in this case follows on a serious criminal history. He has amassed 34 criminal history points—21 more points than the 13 necessary to place him within the most serious criminal history category. (PSR ¶ 41.)

In 2019, he was convicted of first-degree aggravated robbery for robbing a victim of $150 at gunpoint. (PSR ¶ 25.) The following year, he pled guilty to possessing a firearm after he exchanged gunfire with a passenger in another vehicle. (PSR ¶ 28.) Also in 2020, Mr. Dawson was driving a stolen vehicle when police attempted to stop him. (PSR ¶ 29.) He accelerated and engaged the police in a high-speed chase. (*Id.*) He crashed the vehicle into a ditch and continued to flee from police on foot until a police canine caught up with him. (*Id.*)

He has ten financial transaction card fraud convictions, for using and attempting to use victims' credit cards to make fraudulent purchases. (PSR ¶¶ 26-27, 31-38.) In at least four of those instances, the victims' car windows were broken and the victims' purses, containing their credit cards and other

personal items, were stolen from the victims' vehicles. (PSR ¶¶ 27, 31-32, 36.)

After serving his prison sentence for violating probation following his first-degree aggravated robbery conviction and for possessing a firearm as a felon, the defendant began supervised release on March 13, 2024. (PSR ¶¶ 25, 28.) In less than six months, on August 28, 2024, the defendant committed the instant offense. (PSR ¶¶ 6, 25, 28.)

The United States recognizes that Mr. Dawson has faced significant challenges in his life. His father passed away when he was about two years old, and he grew up without a father figure or male role model. (PSR ¶ 53.) He lived in a dangerous neighborhood while growing up and witnessed violence, including shootings, and narcotics activity. (*Id.*) He endured verbal abuse and food insecurity. (*Id.*) He struggles with mental health and substance abuse. (PSR ¶¶ 66, 69-71, 103.) These challenges no doubt inform much of Mr. Dawson's issues with criminal behavior.

However, the difficult fact remains that Mr. Dawson has proven either unwilling or unable to cease criminal conduct. Despite 14 felony convictions, he continues to return to criminal activity. In fact, Mr. Dawson's criminal conduct has only escalated—here, he promptly possessed a machinegun, less than six months after his release from state custody. A significant sentence is necessary to deter Mr. Dawson and to protect the public from his increasingly dangerous behavior.

Throughout Mr. Dawson's criminal history, the longest sentence imposed on him was 60 months. (PSR ¶ 28.) Because Mr. Dawson readily returned to criminal behavior, and in fact, possessed an even more dangerous weapon, the principle of graduated sentencing indicates that a sentence of 70 months is appropriate in this case.

A sentence of 70 months' imprisonment, the middle of the applicable Guidelines range, is appropriate in this case. It will ensure the safety of the community and Mr. Dawson's own rehabilitation for a meaningful amount of time. Moreover, such a sentence would reflect the gravity of the harm gun violence causes in our communities.

## CONCLUSION

In light of all the facts in this case, and pursuant to the sentencing objectives of 18 U.S.C. § 3553(a), the United States asks this Court to sentence the defendant to a term of imprisonment of 70 months.

Dated: December 1, 2025

Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*s/ Mary S. Riverso*

BY: MARY S. RIVERSO
Assistant United States Attorney